2. BROKERS, § 25*—*when evidence does not show receipt of excessive fees*. Evidence *held* insufficient to show that real estate brokers in the three deals made in the course of the indirect exchange of property through a third person received more than their legitimate fees.

3. BROKERS, § 25*—*when evidence shows that broker used best endeavors in behalf of owners*. In a suit against brokers and a third person acting as a medium for the indirect exchange of real estate for an accounting of profits, evidence *held* insufficient to show that such person acted in a fiduciary capacity or that the brokers used other than their best endeavors in behalf of complainants.

---

## John F. Devine, Administrator, Appellant, v. C. A. Carlson, Appellee.

### Gen. No. 22,373.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed October 10, 1917. Rehearing denied October 25, 1917.

### Statement of the Case.

Action by John F. Devine, administrator of the estate of John A. Benson, deceased, plaintiff, against C. A. Carlson, defendant, to recover for the death of plaintiff's intestate, alleged to have been due to the negligence of defendant, intestate's employer, in carelessly constructing and permitting certain heavy timbers resting on crosspieces, nailed to certain uprights in a barn, to be so insecurely nailed as to allow the load of lumber resting upon them to be insecurely supported and dangerous and to fall upon intestate. From a judgment in favor of defendant on a directed verdict, plaintiff appeals.

HAIGHT, BROWN & HAIGHT, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Devine v. Carlson, 207 Ill. App. 415.

ROSS C. HALL and OSCAR H. OLSEN, for appellee.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 171*—*when evidence as to conditions surrounding place of accident is admissible.* Evidence as to the conditions surrounding the place of an accident shortly after it occurs is admissible.

2. APPEAL AND ERROR, § 450*—*when objection to evidence may not be raised.* An objection that a question is improper because calling for the conclusion of the witness is improper unless made in the trial court.

3. DEATH, § 44*—*when exclusion of evidence as to whether witness saw fallen lumber after accident is error.* In an action for the death of an employee alleged to be due to the negligence of the employer in carelessly constructing and knowingly permitting certain heavy timbers resting on crosspieces, nailed to certain uprights in a barn, to be so insecurely nailed as to allow the load of lumber resting upon them to be dangerous so that they fell upon intestate, where the condition of the premises was one of the vital facts in the case, *held* that the exclusion of evidence of a witness, as to whether he saw any lumber that had fallen, was reversible error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.